MICHAEL LEON WILLIAMS
Name
CLARK COUNTY DETENTION CENTER
330 SO. CASINO CENTER BLVD.
LAS VEGAS, NEVADA 89101

I.D.# 1586507
Prison Number

2007 NOV -1  P 12: 10

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

MICHAEL LEON WILLIAMS,           )
                      Plaintiff, )
                                 )
                                 )
vs.                              )   CASE NO. 2:07-CV-01020-HDM-GWF
1) DILULLO, DAVID                )   (To be supplied by the Clerk)
   LVMPD P# 5271              ,  )
2) MADSEN, NICHOLAS              )   "FIRST AMENDED"
   LVMPD P# 7315              ,  )   CIVIL RIGHTS COMPLAINT
3) RUESCH, KERRY                 )   PURSUANT TO
   LVMPD P# 1874              ,  )   42 U.S.C. § 1983
4) YOUNG, BILL                   )
   LVMPD, SHERIFF             ,  )   JURY DEMAND
                                 )
_____,   )
                  Defendant(s).  )

A. JURISDICTION

1)   This complaint alleges that the civil rights of Plaintiff, MICHAEL L. WILLIAMS ,
                                                                 (Print Plaintiff's name)

     who presently resides at CLARK COUNTY DETENTION CENTER LAS VEGAS, NV. , were

     violated by the actions of the below named individuals which were directed against

     Plaintiff at LAS VEGAS, CLARK COUNTY NEVADA       on the following dates
                 (institution/city where violation occurred)

     UNLAWFUL ARREST 3/23/05, EXCESSIVE FORCE 3/23/05 , and PERJURY 3/23/05.
         (Count I)               (Count II)                    (Count III)

**Make a copy of this page to provide the below
information if you are naming more than five (5) defendants**

2) Defendant **DILULLO, DAVID** resides at **LAS VEGAS METROPOLITAN Police Dept. P#5271**
    (full name of first defendant) **P# 5271**     (address if first defendant)
and is employed as **METRO POLICE OFFICER P# 5271**. This defendant is sued in his/her
    (defendant's position and title, if any)
  ✓ individual ✓ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: **During the performance of his duties as a Metro Police Officer**

3) Defendant **MADSEN, NICHOLAS** resides at **Las Vegas Metropolitan Police Dept. P# 7315**
    (full name of first defendant)     (address if first defendant)
and is employed as **METRO POLICE OFFICER P# 7315**. This defendant is sued in his/her
    (defendant's position and title, if any)
  ✓ individual ✓ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: **During the performance of his duties as a Metro Police Officer**

4) Defendant **RUESCH, KERRY** resides at **LAS VEGAS METROPOLITAN Police Dept. P#1874**
    (full name of first defendant)     (address if first defendant)
and is employed as **METRO POLICE OFFICER P# 1874**. This defendant is sued in his/her
    (defendant's position and title, if any)
  ✓ individual ✓ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: **During the performace of his duties as a Metro Police Officer**

5) Defendant **YOUNG, BILL** resides at **LAS VEGAS METROPOLITAN POLICE DEPT.**
    (full name of first defendant)     (address if first defendant)
and is employed as **SHERIFF, OF METRO POLICE OFFICERS**. This defendant is sued in his/her
    (defendant's position and title, if any)
  ✓ individual ✓ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: **During the performance of his duties as the Sheriff of Metro Police**

6) Defendant __N.A._____ resides at __#_____,
        (full name of first defendant)                  (address if first defendant)
and is employed as __#_____. This defendant is sued in his/her
        (defendant's position and title, if any)
__#__ individual __#__ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: __#_____

7) Jurisdiction is invoked pursuant to 28 U.S.C. § 1343 (a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional statutes, list them below.

__#_____

__#_____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## B. NATURE OF THE CASE

1) Briefly state the background of your case.

On or about March 23rd, 2005, METROPOLITAN POLICE OFFICER MARK RUESCH observed Williams doing nothing suspicious standing in front of a house on Hoopa Street. Williams allegedly fled and Ruesch gave chase. Ruesch was in a Patrol Vehicle at the time with his windows rolled up. He did not use his loud speaker to order Williams to stop and is not sure if Williams heard his verbal request to stop.

After losing sight of Williams on several occasions, Williams was tased and arrested several blocks away by other Officers. Police reports show Williams was tased by officer Madsen, Nicolas P#7315.

Upon attachment, an electrical circuit is formed using the body of the person shot and approximately 50,000 volts of electricity is run through that persons' body. The Officer can give repeated 50,000 volt jolts of electricity until the weapons electrical reserve depleted. Williams was so severly tazed that he defacated in his pants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## C. CAUSE OF ACTION

3

## COUNT I

The following civil rights has been violated: Fourth Amendment Right of the UNITED STATES CONSTITUTION to be free from Unreasonable Searches and Seizures.

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

Ruesch, Kerry while working as a LAS VEGAS METROPOLITAN POLICE OFFICER arrested Plaintiff Without Probable Cause to do so. There was no report of a crime, no description of a Suspect. It was after I was arrested I was allegedly implimented in an Attempt Burglary. While Confronted by Several Officers, I Stood with my hands in the air and was still tased by Officer Madsen, Nicholas, P# 7315, after being tased, Officer David DiIullo P# 5271 arrived and placed me in the back of his patrol car. This Officer gave false testimony at the Preliminary Hearing by stating; I told him I was trying to enter a residence unlawfully.

Bill Young was the Sheriff and was responsible for the Conduct of his Officers and IS held accountable for condoning the Criminal acts Committed by the forementioned Officers.

This Civil Rights Complaint is based on a Criminal Case, Case No. C211218 and Case No. 215548, Dept. VI, DISTRICT COURT Clark County, Nevada. The Honorable Judge Bonaventure DISMISSED the case with Prejudice, after Officer Ruesch Committed Perjury. See attached "EXHIBIT ONE"

4

## COUNT II

The following civil rights has been violated: THE ~~EIGHTH~~ FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION CRUEL AND UNUSUAL PUNISHMENT

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

Plaintiff was subjected to an unlawful arrest, tased and handcuffed and placed in the back seat of a patrol car, without medical attention.

Metro Police Officer David DiLullo placed Plaintiff in the back of patrol car and continued to question him about crimes that occured in the area he was being detained.

~~Petitioner~~ Plaintiff was finding it difficult to breath as well as experiencing chest pains from a rapid heart beat. Plaintiff was tased so severly until he defecated in his pants.

Nicholas Madsen in his Official Capacity had tased Plaintiff with 50,000 volts of electricity unjustly.

Officer Ruesch, Kerry acting in his Official Capacity used his position as a Metro Police Officer to have Plaintiff Converged on, by overzealous and aggressive Police Officers.

Bill Young was the Sheriff and is responsible for unlawful acts carried out by Officers under his leadership.

## COUNT III

The following civil rights has been violated: <u>Fourteenth Amendment of the United States Constitution. Due Process of Law.</u>

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

Metro Officer Kerry Ruesch acting as a Metropolitan Police Officer lied under oath, under the penalty of perjury, to have Plaintiff wrongfully convicted in a Criminal Case. Refer to Case No. C211218 of the Preliminary Hearing Transcripts, Compare Case No. 05AGJ127x/ C215548 Grand Jury Transcripts

P.H.T. Case No. C211218  Q. Were you present for any statements that defendant made.
                        A. No.

G.J.T. Case No. 215548  Q. Do you recall which one of you asked him what he was doing in the area?
                        A. I believe it was Officer Dilullo that actually asked him that also
                        Q. But you were there when it was asked?
                        A. Yes.
                        Q. Do you recall what the Suspects' response was to that?
                        A. He basically stated that he had no reason to be in the area and that he was trying to get into the residence on the Viking address.

The above is recorded in transcripts of testimony given by Metro Police Officer Kerry Ruesch. They support Perjury being committed by this Officer. The case against Plaintiff in the Criminal matter was dismissed with Prejudice. See EXHIBIT ONE"

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you filed other actions in state or federal courts involving the **same or similar facts** as involved in this action? ____ Yes ✓ No. If your answer is "Yes", describe each lawsuit. (If more than one, describe the others on an additional page following the below

6

outline).

a) Defendants: __Not Applicable ("N.A.")__
b) Name of court and docket number: __//__
c) Disposition (for example, was the case dismissed, appealed or is it still pending?): __//__
d) Issues raised: __//__
   __//__
   __//__
e) Approximate date it was filed: __//__
f) Approximate date of disposition: __//__

2) Have you filed an action in federal court that was **dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted?** ___ Yes __✓__ No. If your answer is "Yes", describe each lawsuit. (If you had more than three actions dismissed based on the above reasons, describe the others on an additional page following the below outline.)

Lawsuit #1 dismissed as frivolous, malicious, or failed to state a claim:

a) Defendants: __//__
b) Name of court and case number: __//__
c) The case was dismissed because it was found to be (check one): __N.A.__ frivolous __N.A.__ malicious or __N.A.__ failed to state a claim upon which relief could be granted.
d) Issues raised: __//__
   __//__
e) Approximate date it was filed: __//__
f) Approximate date of disposition: __//__

Lawsuit #2 dismissed as frivolous, malicious, or failed to state a claim:

a) Defendants: __//__
b) Name of court and case number: __//__

7

c) The case was dismissed because it was found to be (check one): **N.A.** frivolous **N.A.** malicious or **N.A.** failed to state a claim upon which relief could be granted.
d) Issues raised: **//**
   **//**
e) Approximate date it was filed: **//**
f) Approximate date of disposition: **//**

Lawsuit #3 dismissed as frivolous, malicious, or failed to state a claim:
a) Defendants: **//**
b) Name of court and case number: **//**
c) The case was dismissed because it was found to be (check one): **N.A.** frivolous **N.A.** malicious or **N.A.** failed to state a claim upon which relief could be granted.
d) Issues raised: **//**
   **//**
e) Approximate date it was filed: **//**
f) Approximate date of disposition: **//**

3) Have you attempted to resolve the dispute stated in this action by seeking relief from the proper administrative officials, e.g., have you exhausted available administrative grievance procedures? ___ Yes **✓** No. If your answer is "No", did you not attempt administrative relief because the dispute involved the validity of a: (1) ___ disciplinary hearing; (2) **✓** state or federal court decision; (3) ___ state or federal law or regulation; (4) ___ parole board decision; or (5) ___ other **N.A. MATTER WAS HANDLED IN STATE COURT CRIMINAL Proceedings.** If your answer is "Yes", provide the following information. Grievance Number **N.A.** Date and institution where grievance was filed **//**.

Response to grievance: **//**
**//**
**//**

8

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following relief:

COMPENSATORY, MONETARY DAMAGE
CONJUNCTUTORY RELIEF - PAIN AND SUFFERING
WITH A FINANCIAL AMOUNT TO BE DECIDED BY A JURY

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

_____      *Michael L. Williams*
(Name of Person who prepared or helped           (Signature of Plaintiff)
prepare this complaint if not Plaintiff)

OCTOBER 23rd, 2007.
(Date)

(Additional space if needed; identify what is being continued)

EXHIBIT ATTACHED

CURRENTLY RESIDING AT:                PRISONER OF NEVADA DEPT. OF CORRECTIONS AT:

CLARK COUNTY DETENTION CENTER         P.O. BOX 650
330 So. CASINO CENTER BLVD.           INDIAN SPRINGS, NEVADA 89018
LAS VEGAS, NEVADA 89101
                                      N.D.O.C. # 63077
I.D.# 1586507

9

```
ORDR
WILLIAM H. GAMAGE, ESQ.
State Bar No. 9024
GENTILE DePALMA, LTD.
3960 Howard Hughes Parkway, Suite 850
Las Vegas, NV  89109
(702) 386-0066
Attorney for Defendant
```

FILED
Feb 1 10 31 AM '06

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| THE STATE OF NEVADA, | Case No.: C215548 |
| Plaintiff, | Department: VI |
| vs. | |
| MICHAEL WILLIAMS, ID# 1586507 | |
| Defendants. | |

## ORDER GRANTING DISMISSAL

Defendant's Writ of Habeas Corpus was heard on the 8th day of December, 2005, in Department VI, the Honorable Joseph T. Bonaventure presiding, the State being represented by Mary D. Brown, Esq., and the Defendant being represented by William H. Gamage, Esq., of the law firm of Gentile DePalma, Ltd., and the issues being fully argued by counsel and the Court being fully advised in the premises and good cause appearing therefor,

* * * * *

* * * * *

* * * * *

RECEIVED
FEB 0 1 2006
COUNTY CLERK

RECEIVED FEB 0 1 2006
DEPT 6

-1-

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant's writ is granted and the case is dismissed with prejudice. Defendant is released on the above-captioned matter.

DATED this _1st_ day of ~~January~~ February, 2006.

_____
DISTRICT COURT JUDGE

Submitted By:

By: _____
William H. Gamage, Esq.
State Bar No. 9024
GENTILE DEPALMA, LTD.
3960 Howard Hughes Pkwy., #850
Las Vegas, Nevada 89109

2007 OCT 19 P 4: 28

-2-

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL LEON WILLIAMS, | |
| Plaintiff, | 2:07-cv-1020-HDM-GWF |
| vs. | ORDER |
| KERRY RUESCH, *et al.*, | |
| Defendants. | |

Before the Court are plaintiff's application to proceed *in forma pauperis*, *pro se* civil rights complaint (#1), filed July 31, 2007, and motion for copies (#2), filed September 14, 2007. Plaintiff is an inmate at the Clark County Detention Facility.

I.  *In Forma Pauperis* Application

Plaintiff has submitted a motion for leave to proceed *in forma pauperis* and a civil rights complaint. Based on the information about plaintiff's financial status, including any additional information plaintiff may have provided, the Court finds that plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

. . .

II. **Screening Standard**

This Court has screened plaintiff's civil rights complaint pursuant to 28 U.S.C. §1915A. Federal courts must conduct a preliminary screening in any case in which a prisoner[1] seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prisoner Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim

---

[1] For purposes of the statute, "prisoner means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); 28 U.S.C. § 1915A( c); 42 U.S.C. § 1997(e).

2

1  that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In
2  making this determination, the Court takes as true all allegations of material fact stated in the
3  complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v.*
4  *Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less
5  stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9
6  (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).
7        All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if
8  the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on
9  legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or
10 claims of infringement of a legal interest which clearly does not exist), as well as claims based on
11 fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S.
12 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).
13 **III.   Plaintiff's Complaint**
14       Plaintiff brings an action against members of the Las Vegas Metropolitan Police
15 Department for alleged violations of his constitutional rights incident to his arrest and criminal
16 prosecution. When a prisoner challenges the legality or duration of his custody, or raises a
17 constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ
18 of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th
19 Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly
20 unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or
21 sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state
22 tribunal authorized to make such determination, or called into question by a federal court's issuance
23 of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A
24 claim for damages bearing that relationship to a conviction or sentence that has not been so
25 invalidated is not cognizable under § 1983." *Id.* at 488. Plaintiff has not demonstrated that the
26 conviction bearing a relationship to his civil rights claims has been reversed, expunged, or otherwise

3

invalidated by the state court. Thus, in its current form, the complaint fails to state a viable civil rights claim. Plaintiff will be granted an opportunity to file an amended complaint that cures the defects of the original complaint discussed above, if such facts exist.

IV.   **Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* without having to prepay the full filing fee is **GRANTED** and plaintiff shall **not** be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Clark County Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to inmate **Michael Leon Williams (inmate #1586507)** account (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of the **Clark County Detention Center, Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101**. The Clerk shall also send a copy of this order to the attention of **Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702**, for his reference in the event plaintiff is transferred to the custody of the Nevada Department of Corrections.

**IT IS FURTHER ORDERED** that the Clerk is directed to **FILE** the complaint.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint within **thirty (30) days** of the date of entry of this Order, if he believes that he can cure the defects described above.

. . .

4

1       **IT IS FURTHER ORDERED** that plaintiff's Motion for Copies (Docket #2) is
2 **GRANTED** and the Clerk **SHALL SEND** plaintiff a copy of his original complaint, received July
3 31, 2007.
4       **IT IS FURTHER ORDERED** that the Clerk shall **SEND** to plaintiff the approved
5 form for filing a § 1983 complaint. If plaintiff chooses to submit an amended complaint, he must
6 use the approved form, and he must write the words "First Amended" above the words "Civil Rights
7 Complaint" in the caption.
8       **IT IS FURTHER ORDERED** that, if plaintiff does not file an amended complaint
9 within 30 days, this action will be dismissed.
10       Dated this 11th day of October, 2007.

                              */s/ George Foley Jr.*
                              GEORGE FOLEY, JR.
                              UNITED STATES MAGISTRATE JUDGE